UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO CISNEROS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RAYMOND MADDEN,<br><br>　　　　　Respondent. | Case No. 1:16-cv-01752-AWI-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS |

Petitioner Jose Alfredo Cisneros, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He contends that certain erroneous jury instructions, a prosecutor's failure to disclose evidence favorable to him, and his trial counsel's ineffective assistance violated his rights under state and federal law. We recommend that the court deny the petition for the reasons discussed below.

**I.　Background**

Petitioner was accused of sexually abusing two of his children: E.S., his stepdaughter, and M.C., his biological daughter. Both E.S. and M.C. testified against petitioner at trial, and a jury found him guilty of two counts of committing a lewd act upon a child, one count of sexual penetration involving a child ten years of age or younger, and one count of continuous sexual abuse of a child under the age of fourteen years. *See* Cal. Penal Code. §§ 288, 288.5, 288.7. The state trial court sentenced petitioner to an aggregate term of forty-one years to life in prison. CT

1:270.[1]

We set forth below the facts of the underlying offenses, as stated by the California Court of Appeal, Fifth District ("Court of Appeal"). A presumption of correctness applies to these facts. *See* 28 U.S.C. § 2254(e)(1); *Crittenden v. Chappell*, 804 F.3d 998, 1010-11 (9th Cir. 2015).

> On March 2, 2012, defendant's nine-year-old daughter informed her teachers that she had been molested by defendant on February 9, 2012. The matter was reported to the police. On March 10, 2012, defendant's stepdaughter reported to police that she had been molested by defendant from the age of seven or eight to the age of 11 or 12. Defendant was subsequently charged with the molestation of both girls.
>
> At defendant's trial, the trial court instructed the jury with the following modified version of CALCRIM No. 1191:
>
>> The People presented evidence that the defendant committed the crime of child molestation and sexual penetration of M.C. as alleged in Counts 1 and 2, and child molestation and continuous sexual contact as to E.S. as charged in Counts 3 and 4. The crimes are defined for you in the instructions for each of the crimes. If you decide that the defendant committed any of these charged offenses as to one of the minors beyond a reasonable doubt, you may but are not required to conclude from that evidence that the defendant was disposed or inclined to commit the other charged crimes of child molestation and based on that decision also conclude that the defendant was likely to and did commit the other offenses of child molestation.
>>
>> In addition, if you decide that the defendant committed any of the charged offenses you may but are not required to consider that evidence for the limited purpose of deciding whether or not: the defendant acted with the intent of arousing, appealing to or gratifying the lust, passions or sexual desires of himself or the child or the defendant's alleged actions were the result of mistake or accident. In evaluating this evidence consider the similarity or lack of similarity between the uncharged offenses and the charged offenses.
>>
>> If you conclude the defendant committed a charged offense as to one minor beyond a reasonable doubt, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by

---

[1] All "CT" citations refer to the clerk's transcript. All "RT" citations refer to the reporter's transcript. *See* ECF No. 10.

2

> itself to prove the defendant guilty of another charged offense as to the same or a different minor. The People must still prove each element of every charge and prove it beyond a reasonable doubt before you may consider one charge as proof of another charge.

*People v. Cisneros*, No. F068173, 2015 WL 3797981, at *1-2 (Cal. Ct. App. June 17, 2015).

**II.    Discussion**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). Section 2254 of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs a state prisoner's habeas petition. *See* § 2254; *Harrington v. Richter*, 562 U.S. 86, 97 (2011); *Woodford v. Garceau*, 538 U.S. 202, 206-08 (2003). To decide a Section 2254 petition, a federal court examines the decision of the last state court that issued a reasoned opinion on petitioner's habeas claims. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

When a state court has adjudicated a petitioner's claims on the merits, a federal court reviews the state court's decision under the deferential standard of Section 2254(d). Section 2254(d) precludes a federal court from granting habeas relief unless a state court's decision is (1) contrary to clearly established federal law, (2) a result of an unreasonable application of such law, or (3) based on an unreasonable determination of facts. *See* § 2254(d); *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018). A state court's decision is contrary to clearly established federal law if it reaches a conclusion "opposite to" a holding of the United States Supreme Court or a conclusion that differs from the Supreme Court's precedent on "materially indistinguishable facts." *Soto v. Ryan*, 760 F.3d 947, 957 (9th Cir. 2014) (citation omitted). The state court's decision unreasonably applies clearly established federal law when the decision has "no reasonable basis." *Cullen v. Pinholster*, 563 U.S. 170, 188 (2011). An unreasonable determination of facts occurs when a federal court is "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Loher v. Thomas*, 825 F.3d 1103, 1112 (9th Cir. 2016). A

3

federal habeas court has an obligation to consider arguments or theories that "could have supported a state court's decision." *See Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2557 (2018) (quoting *Richter*, 562 U.S. at 102). On all issues decided on the merits, the petitioner must show that the state court's decision is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Even when a state court does not explicitly address a petitioner's claims on the merits, a Section 2254 petitioner must satisfy a demanding standard to obtain habeas relief. When a state court gives no reason for denying a petitioner's habeas claim, a rebuttable presumption arises that the state court adjudicated the claim on the merits under Section 2254(d). *See Richter*, 562 U.S. at 99. And a federal habeas court's obligation to consider arguments or theories that could support a state court's decision extends to state-court decisions that offer no reasoning at all. *See Sexton*, 138 S. Ct. at 2557.

If a state court denies a petitioner's habeas claim solely on a procedural ground, then Section 2254(d)'s deferential standard does not apply, *see Visciotti v. Martel*, 862 F.3d 749, 760 (9th Cir. 2016), but the petitioner faces another hurdle: if the state court's decision relies on a state procedural rule that is "firmly established and regularly followed," the petitioner has procedurally defaulted on his claim and cannot pursue habeas relief in federal court unless he shows that the federal court should excuse his procedural default. *See Johnson v. Lee*, 136 S. Ct. 1802, 1804 (2016); *accord Runningeagle v. Ryan*, 825 F.3d 970, 978-79 (9th Cir. 2016). If the petitioner has not pursued his habeas claim in state court at all, the claim is subject to dismissal for failure to exhaust state-court remedies. *See Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018).

If obtaining habeas relief under Section 2254 is difficult, "that is because it was meant to be." *Richter*, 562 U.S. at 102. As the Supreme Court has put it, federal habeas review "disturbs the State's significant interest in repose for concluded litigation, denies society the right to punish some admitted offenders, and intrudes on state sovereignty to a degree matched by few exercises of federal judicial authority." *Id.* at 103 (citation omitted). Our habeas review authority serves as

a "guard against *extreme* malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (emphasis added).

Here, petitioner raises three habeas claims: (1) the state trial court erred by instructing the jury that, if petitioner was guilty of any one of the charged offenses, the jury could consider that finding of guilt as evidence of petitioner's propensity to commit other charged offenses; (2) the prosecutor failed to disclose the fact that the government had threatened petitioner's wife, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (3) petitioner received ineffective assistance from his trial counsel because the attorney failed to interview petitioner's wife, failed to object to the admission of petitioner's prior statements to the police, and performed poorly overall at trial. The Court of Appeal rejected the first claim on the merits on direct appeal, and the California Supreme Court summarily denied further review. Petitioner raised his remaining claims in his state habeas proceeding, and the California Supreme Court summarily denied them.

### a. Jury Instructions

The trial court instructed the jury using CALCRIM No. 1191, a model jury instruction in California, explaining that if the jury found that petitioner had committed any of the charged offenses, the jury could consider that finding as evidence that petitioner had the propensity to commit the other charged offenses.[2] On direct appeal, petitioner argued that the jury instruction improperly permitted the jury to consider currently charged offenses as evidence of his propensity to commit other currently charged offenses. The Court of Appeal rejected this argument on the merits, noting that the California Supreme Court had rejected the identical argument in *People v.*

---

[2] CT 1:227-28 ("If you decide that the defendant committed any of these charged offenses as to one of the minors beyond a reasonable doubt, you may but are not required to conclude from that evidence that the defendant was disposed or inclined to commit the other charged crimes of child molestation and based on that decision also conclude that the defendant was likely to and did commit the other offenses of child molestation. . . . If you conclude the defendant committed a charged offense as to one minor beyond a reasonable doubt, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove the defendant guilty of another charged offense as to the same or a different minor. The People must still prove each element of every charge and prove it beyond a reasonable doubt before you may consider one charge as proof of another charge."). CALCRIM No. 1191 has been replaced by CALCRIM No. 1191B. *See* Judicial Council of Cal. Crim. Jury Instr. 1191B.

5

*Villatoro*, 54 Cal. 4th 1152, 1160-61 (2012). *See Cisneros*, 2015 WL 3797981, at *2. Petitioner repeats the same argument in this habeas proceeding; his claim fails for two reasons:

First, a challenge to the use of CALCRIM No. 1191 is a matter of state law and does not state a cognizable federal habeas claim. This court has already reached this conclusion, rejecting a similar challenge to CALCRIM No. 1191. *See Gonzalez v. Lizarraga*, No. 13-cv-907, 2016 WL 5404405, at *10, ECF No. 34 (E.D. Cal. Sept. 27, 2016) (Oberto, J.), *recommendation adopted*, ECF No. 37 (E.D. Cal. Nov. 15, 2016) (Ishii, J.). Other courts have reached the same conclusion. *See Matias v. Gipson*, No. 14-cv-526, 2015 WL 5935324, at *9 (N.D. Cal. Oct. 13, 2015) ("No Supreme Court case holds that the admission of propensity evidence violates due process . . . ."); *King v. Adams*, No. C 11-02792-SI, 2014 WL 4246581, at *11 (N.D. Cal. Aug. 26, 2014) (collecting cases rejecting challenges to CALCRIM No. 1191); *cf. Merino v. Cate*, No. 12-cv-3277, 2014 WL 4647811, at *8-9 (N.D. Cal. Sept. 16, 2014) (reasoning that CALCRIM No. 1191 does not unconstitutionally lower the government's burden of proof). Moreover, only a holding from the United States Supreme Court can establish a clearly established federal law, *see Atwood v. Ryan*, 870 F.3d 1033, 1046 (9th Cir. 2017), and petitioner has identified none. Petitioner has not stated a cognizable federal habeas claim, so he cannot prevail on his challenge to CALCRIM No. 1191.[3]

Second, even without CALCRIM No. 1191, the government had enough evidence to show petitioner's guilt. The standard from *Brecht v. Abrahamson*, 507 U.S. 619 (1993), governs our harmless-error inquiry. *See Dixon v. Williams*, 750 F.3d 1027, 1034 (9th Cir. 2014) (per curiam). Under *Brecht,* a petitioner can obtain federal habeas relief only if "the error had substantial and injurious effect or influence in determining the jury's verdict." 507 U.S. at 637. To satisfy this

---

[3] We doubt that petitioner could prevail even if we were to assess his claim under the Federal Rules of Evidence. Rule 414 provides, "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Rule 414 does not violate the constitution. *See United States v. LeMay*, 260 F.3d 1018, 1025, 1031 (9th Cir. 2001) (discussing exceptions to general ban on propensity evidence and stating, "courts have routinely allowed propensity evidence in sex-offense cases . . . . we hold that Rule 414 is constitutional and does not violate due process, equal protection, or any other constitutional guarantee").

standard, the court must have "grave doubt" as to the outcome, meaning that "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *See O'Neal v. McAninch*, 513 U.S. 432, 435 (1995).

Here, the record compels us to conclude that any error in the jury instruction was harmless. Both victims, M.C. and E.S., testified at trial against petitioner. M.C., petitioner's biological daughter, testified that petitioner reached under her clothes and began touching her chest in a circular motion. RT 4:320-24. According to M.C.'s testimony, she turned around to cause petitioner to stop, but petitioner instead began to touch her vagina and repeatedly put his finger inside it. RT 4:323, 327-31. E.S., petitioner's stepdaughter, testified that petitioner rubbed her private parts daily while petitioner's wife was taking a shower. RT 5:691-95, 689. Petitioner does not challenge the admissibility or weight of his daughters' testimony, despite respondent's argument in the answer that the evidence of petitioner's guilty was "overwhelming." ECF No. 9 at 20. Given the testimony of petitioner's daughters against him, any error in the jury instructions was harmless.

In sum, petitioner's challenge to CALCRIM No. 1191 does not state a cognizable federal habeas claim, and the alleged error was harmless. The court should therefore reject petitioner's challenge to CALCRIM No. 1191.[4]

### b. *Brady* Violation

Petitioner contends that the prosecutor in his case failed to disclose that the government had coerced his wife into testifying at trial. Citing no evidence, petitioner alleges that the government threatened his wife, telling her that she would lose her children if she did not testify—and that she could secure legal immigration status by testifying against petitioner. *See* ECF No. 1 at 11. The California Supreme Court summarily denied this claim in petitioner's state habeas proceeding. *See Cisneros on H.C.*, No. S235977 (Cal. Sup. Ct. Sep. 14, 2016). We see no

---

[4] Petitioner also states in passing that the court's instruction under CALCRIM No. 1191 was erroneous because (1) the charged offenses were too dissimilar, remote, and unconnected to be probative of propensity, and (2) the jury instruction failed to state that the jury needed to find defendant committed the earliest crime before it could find him guilty of the later crimes on the basis of propensity evidence. Because any error in the trial court's CALCRIM No. 1191 instruction was harmless, the court need not reach these undeveloped arguments.

7

error.

Petitioner fails to substantiate his allegations. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *accord Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (rejecting petitioner's *Brady* claim that had been made "[w]ithout reference to the record or any document"). Respondent argues in his answer that petitioner adduces no evidence in support of his claim, ECF No. 9 at 20, and petitioner makes no attempt to identify such evidence in his traverse, *see generally* ECF No. 13. Likewise, we have found no evidence in the record that would support petitioner's position. The court should decline to grant habeas relief on this unsubstantiated claim.

Petitioner also has not shown that the undisclosed evidence was material. Under *Brady* and its successors, a state can violate a criminal defendant's due process rights by failing to disclose evidence that is material to his guilt or punishment. *See Cone v. Bell*, 556 U.S. 449, 451 (2009); *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Browning v. Baker*, 875 F.3d 444, 459 (9th Cir. 2017). A criminal defendant claiming a *Brady* violation must show: (1) the evidence at issue is favorable to him either because it is exculpatory or impeaching; (2) the government suppressed the evidence, either willfully or inadvertently; and (3) the defendant suffered prejudice. *See Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Shelton v. Marshall*, 796 F.3d 1075, 1083 (9th Cir. 2015). The petition in this case turns on the third requirement.

There can be no "real *Brady* violation unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler*, 527 U.S. at 281; *accord Payton v. Davis*, 906 F.3d 812, 822 (9th Cir. 2018) (rejecting *Brady* claim given overwhelming evidence of petitioner's guilt). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Browning v. Baker*, 875 F.3d 444, 464 (9th Cir. 2017) (quoting *Bagley*, 473 U.S. at 682). The court must evaluate the omitted evidence "in the context of the entire record." *Shelton v. Marshall*, 796 F.3d 1075, 1084 (9th Cir. 2015) (quoting *United States v. Agurs*, 427 U.S. 97, 112 (1976)).

Here, a reasonable jurist could find that the undisclosed evidence was immaterial. The testimony from petitioner's wife was ancillary to the testimony of his daughters, who detailed the underlying offenses, as discussed above. Given that petitioner has not challenged the admissibility or weight of his daughters' testimony, a reasonable jurist could find that petitioner has not shown that the undisclosed evidence was material.

### c. Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of counsel from his trial attorney for three reasons: (1) counsel failed to interview petitioner's wife and investigate her motive in testifying against petitioner; (2) counsel failed to object to the introduction of petitioner's prior statements to the police, even though petitioner was intoxicated when the police interviewed him; and (3) counsel performed poorly overall throughout trial. *See* ECF No. 1 at 13-15. The court should reject these arguments for the reasons discussed below.

A "doubly" deferential standard governs a federal habeas petitioner's claim of ineffective assistance of counsel. *See Richter*, 562 U.S. at 105. On direct appeal, the two-step inquiry from *Strickland v. Washington* guides the analysis for an ineffective-assistance-of-counsel claim. *See* 466 U.S. 668, 687 (1984). First, a criminal defendant must show some deficient performance by counsel that is "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id*. Second, the defendant must show that the deficient performance caused him prejudice, which requires "showing that counsel's errors were so serious as to deprive [the petitioner] of a fair trial." *Id*. On habeas review, coupled with Section 2254(d)'s fairminded jurist standard, the *Strickland* requirements become even more deferential: the question is "whether there is *any* reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105 (emphasis added). That is, if there is even *one* reasonable argument that counsel did not violate the *Strickland* standard—even if the state court has not identified such argument—the petitioner cannot obtain habeas relief. *See id*. at 106.

### i. Failure to Interview Petitioner's Wife

Petitioner's first argument on his ineffective-assistance-of-counsel claim warrants little discussion. Petitioner argues that the prosecutor induced the testimony of petitioner's wife by threatening her and that petitioner's trial counsel should have learned that fact by interviewing the wife. *See* ECF No. 1 at 13. This argument fails for one simple reason: petitioner adduces no evidence—not even his own declaration—to support his claim, and we find no such evidence in the record. Because petitioner has failed to substantiate his claim, the court should deny habeas relief on this claim. *See Gentry v. Sinclair*, 705 F.3d 884, 899-900 (9th Cir. 2013) (rejecting claim of ineffective assistance of counsel when petitioner's affidavit did not support his allegations of deficient performance by counsel).

### ii. Failure to Object to Admission of Petitioner's Prior Statements

The day after M.C. reported that petitioner molested her, a detective interviewed him. *See* CT 1:140-58 (interview transcript). After being read his *Miranda* rights, petitioner chose to proceed with an interview without an attorney. CT 1:140. During the interview, petitioner told the detective that he had four cans of beer shortly before the interview. *See* CT 1:148. He then admitted that he had touched M.C.'s vagina and that he knew that it was wrong. CT 1:144-47. In this habeas proceeding, petitioner contends that his trial counsel should have objected to the introduction of the police interview because of petitioner's intoxication. *See* ECF No. 1 at 13-14.

Contrary to petitioner's contention, his trial counsel moved to exclude the police interview, arguing that petitioner could not knowingly and intelligently waive his *Miranda* rights or make an admissible statement to the police because of his intoxication. *See* RT 3:217-18. Counsel's motion prompted the trial court to hold a hearing outside the jury's presence, and petitioner's attorney cross-examined the interviewing detective, who testified that petitioner appeared to have consumed alcohol and that he had red eyes during the interview. RT 4:233-36. The trial court denied petitioner's motion, reasoning that the evidence did not show any confusion, inability to respond to questions, or indication that petitioner had not knowingly and intelligently waived his *Miranda* rights. RT 3:239-40. Thus, petitioner's trial counsel objected to the admission of the police interview—raising the argument that petitioner raises now. Petitioner

does not explain what else his trial counsel should have done. Petitioner has not shown that his counsel was deficient.[5]

### iii. Overall Performance at Trial

Petitioner contends that his trial counsel's overall performance at trial was poor. He argues that his trial counsel was a "follower," who made no effort to "contradict" the government's case in a "meaningful way." ECF No. 1 at 14-15. We disagree. The record does not show such a passive approach by petitioner's trial counsel.

The attorney affirmatively defended petitioner in various ways throughout the trial. For example, the attorney highlighted the fact that E.S. had never told anyone except law enforcement officers about the alleged molestation and that E.S. had denied being molested during her initial interview with the police. RT 5:717-19, 838. Likewise, the attorney elicited testimony from M.C.'s school teacher, who did not recall M.C. reporting the alleged molestation. RT 4:395. The attorney also successfully opposed the introduction of several pieces of evidence.[6]

Petitioner's trial counsel pursued a plausible, alternative theory of what happened: At closing argument, counsel portrayed petitioner as a hardworking father who could not spend much time with his children because he performed manual labor six days a week. RT 5:827-828. Petitioner, he noted, had a drinking problem, which, coupled with petitioner's difficult circumstances, had tarnished his relationship with his family. RT 5:828-33. Petitioner regularly chastised and yelled at E.S., angering her and leading her to tell police officers that she hated petitioner and that petitioner's absence from her home was a relief. RT 5:833. M.C. was once petitioner's favorite child, but her relationship with petitioner deteriorated because of his drinking problem, and petitioner started to hit her. RT 4:337-38, 4:373-75, 4:393-95, 5:828-29. The

---

[5] Petitioner does not challenge the trial court's ruling that denied his motion to exclude the police interview, but it appears that such a challenge would lack merit. Despite having drunk four cans of beer, petitioner stated during the interview that he could recall touching M.C. and recounted details of how and why he touched her. *See* CT 1:144-47.

[6] *See* RT 4:428-29 (school staff's note containing report of child abuse), 4:437-38 (police report on alleged molestation), 4:496 (government expert's testimony on kinds of behaviors children would report), 5:636 (testimony of petitioner's wife that she told M.S. that petitioner had touched E.S.), 5:770 (E.S.'s testimony that petitioner made E.S. touch his penis more than five times).

attorney also argued that the alleged touching was not sexual, given petitioner's statements that he did not touch certain private parts. RT 5:836-37. By making these arguments, the attorney attempted to convince the jury that witnesses against him had motives to lie, and that petitioner was not guilty of the charged offenses. Given the various efforts by petitioner's trial counsel throughout trial, we cannot conclude that the attorney's performance was so deficient that he did not function as counsel at all under the stringent *Strickland* standard.

In sum, petitioner has not shown that he received ineffective assistance from his trial counsel. No other habeas claim remains, and the court should deny the petition in its entirety.

### III.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court should decline to issue a certificate of appealability.

### IV.     Findings and Recommendations

We recommend that the court deny the petition for a writ of habeas corpus, ECF No. 1, and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days

of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: May 1, 2019

                                              UNITED STATES MAGISTRATE JUDGE

No. 202